# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-25061-BLOOM/Louis

BENJAMIN COUSINS, M.D.,

      Plaintiff,

v.

UNITED HEALTHCARE, INC. and
UNITED HEALTHCARE
INSURANCE COMPANY,

      Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant United Healthcare Insurance Company's ("UHC" or "Defendant") Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [25] ("Motion"). Plaintiff Benjamin Cousins, M.D. ("Cousins" or "Plaintiff") filed a Response, ECF No. [28] ("Response"), to which Defendant filed a Reply, ECF No. [31] ("Reply"). The Court has carefully considered the Motion, the Response and Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I.      BACKGROUND

This case involves a dispute regarding payments pursuant to healthcare insurance policies issued by UHC. In the Amended Complaint, Plaintiff alleges that he is a medical doctor licensed by, and doing business in, the state of Florida. Defendant UHC is a health insurance company that offers healthcare coverage and administers healthcare plans and policies to its subscribers. It also issues payment of healthcare contract benefits to hospitals and medical providers on behalf of its subscribers and provides comprehensive healthcare services to enrolled subscribers who remit

regular premium payments or receive coverage through their employers. Plaintiff alleges further that he was not a contracted medical provider for UHC.

The patients at issue in this case were UHC healthcare insurance policy subscribers who presented to Plaintiff for examination and medical services. Plaintiff admitted, examined, treated, and discharged the patients, and as a result, billed UHC for the services rendered. Each of the patients executed an assignment of benefits authorizing Plaintiff to seek payment. UHC paid only a portion of the total amount billed.

As a result of UHC's alleged failure to pay the proper rate of payment, Plaintiff asserts claims for breach of contract (Count 1) and violation of Florida Statutes section 641.513 (Count 2). In the Motion, UHC seeks dismissal of the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required

to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

Through this lens, the Court considers the Motion.

## III.    DISCUSSION

Defendant's first argument for dismissal is that the Amended Complaint includes state law claims that are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*[1] In response, Plaintiff does not dispute that his claim for breach of contract implicates ERISA. Rather, Plaintiff contends that the Amended Complaint

---

[1] Defendant also argues in a footnote that the Amended Complaint is an impermissible shotgun pleading.

adequately states a claim under ERISA, arguing that there is no heightened pleading requirement for ERISA claims. Thus, the Court examines whether the Amended Complaint sufficiently states a claim under ERISA.

At the outset, the Court notes that the Amended Complaint is an impermissible shotgun pleading. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. . . . The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted). The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). Upon this basis alone, the Amended Complaint is due to be dismissed.

In addition, the Amended Complaint further fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, although it attaches six itemizations (only one of which identifies a patient). To comply with federal pleading requirements in stating an ERISA claim, Plaintiff must, at a minimum, identify each patient, the condition each patient suffered that necessitated treatment, the specific ERISA plan that covered each patient, the term or terms of the plan that UHC allegedly

violated, and the date the procedure for each patient was performed.[2] Accordingly, Plaintiff's claim for breach of contract fails to allege sufficient facts to state a claim under ERISA.[3]

Defendant argues further that the Amended Complaint does not adequately plead exhaustion of each ERISA plan's administrative appeal procedure. Plaintiff has not responded in substance to this argument. The Eleventh Circuit has "repeatedly held that plaintiffs must exhaust their administrative remedies under a covered benefits plan prior to bringing an ERISA claim in federal court." *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995) (citing cases). The "exhaustion requirement applies equally to claims for benefits and claims for violation of ERISA itself." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006).

In the Amended Complaint, Plaintiff alleges that "[a]ll conditions precedent to the bringing of this action have been complied with, satisfied or otherwise waived. This includes all appeals and/or administrative remedies known to be available as of the last denial of payment and/or dispute as to the rate of payment." ECF No. [15] ¶ 2. This allegation alone is insufficient. *See, e.g.*, *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F. Supp. 1052, 1064 (S.D. Fla. 1997) ("In light of the fact that Plaintiff brings this suit as an assignee of 67 patients, under 46 plans, Plaintiff's allegation fails to meet even the admittedly low requirements of notice pleading. It is unclear to the Court which plans, if any, the Plaintiff has attempted to exhaust its administrative remedies.");

---

[2] The Court notes that if it was Plaintiff's intent to state a claim under ERISA, the more prudent course of action would have been to seek leave to file a second amended complaint to clearly allege such a claim. In addition, to the extent that Plaintiff may rely on materials attached to his initial complaint in his contention that the Amended Complaint adequately states an ERISA claim, such reliance is misplaced as the Amended Complaint does not refer to such materials, nor are they attached to it.

[3] Because the Court has found that the Amended Complaint should be dismissed as a shotgun pleading, in order to avoid unnecessary confusion, the Court does not address Defendant's preemption argument with respect to Count 2.

*Sanctuary Surgical Ctr., Inc. v. UnitedHealthcare, Inc.*, No. 10-81589-CV, 2011 WL 2134534, at *7 (S.D. Fla. May 27, 2011) (finding that plaintiffs failed to sufficiently allege exhaustion where they failed to allege "whether internal appeals were filed for all, or just some, of the denied claims"). In order to satisfy applicable pleading requirements, Plaintiff must set forth the claims for which he has exhausted his administrative remedies, and how he has done so.

Defendant argues next that Plaintiff fails to state a viable claim for violation of Florida Statutes, section 641.513 because that statutory section does not apply here. Plaintiff has also failed to respond in substance to this argument. The stated purpose of Part III of Chapter 641 "is to ensure that health maintenance organizations and prepaid health clinics deliver high-quality health care to their subscribers." Fla. Stat. § 641.48. In addition, throughout section 641.513, the statute refers to a "health maintenance organization." *See* Fla. Stat. § 641.513. In the Amended Complaint, Plaintiff alleges that UHC is a health insurance company, not a health maintenance organization. ECF No. [15] ¶ 8. The distinction is not without a difference. The Supreme Court has summarized the difference succinctly:

> Most health insurance plans are of the fee-for-service type. Under the typical insurance plan, the insurer agrees with the insured to reimburse the insured for "usual, customary, and reasonable" medical charges. The third-party insurer, and the insured to the extent of any excess charges, bears the economic risk that the insured will require medical treatment. An alternative to the fee-for-service type of insurance plan is illustrated by the health maintenance organizations authorized under the Health Maintenance Organization Act of 1973, 42 U.S.C. § 300e *et seq.* Under this form of prepaid health plan, the consumer pays a fixed periodic fee to a functionally integrated group of doctors in exchange for the group's agreement to provide any medical treatment that the subscriber might need. The economic risk is thus borne by the doctors.

*Ariz. v. Maricopa Cty. Med. Soc'y.*, 457 U.S. 332, 339 n.7 (1982). Because Plaintiff has not alleged that UHC is, or acts, as a health maintenance organization within the purview of Chapter 641 with respect to the patients at issue in this case, Count 2 of the Amended Complaint fails to adequately

state a claim. *See Ramiro Perez, M.D., P.A. v. Conn. Gen. Life Ins. Co.*, No. 15-22969-CIV-WILLIAMS/SIMONTON, 2016 WL 11544025, at *7 (S.D. Fla. Mar. 22, 2016) (recommending dismissal because "the Plaintiff has not alleged in the Complaint that the Defendant is an HMO, a necessary prerequisite to the application of Chapter 641"), *report and recommendation adopted by* 2016 WL 11543917, at *1 (S.D. Fla. Mar. 30, 2016).

Finally, Plaintiff in a footnote in the Response, requests the opportunity to amend should the Court determine that dismissal is warranted. Defendant objects to the request as improperly raised and argues that no amendment should be permitted without Plaintiff's compliance with Rules 7(b) and 15(a) of the Federal Rules of Civil Procedure.

The Court agrees with Defendant that Plaintiff has not properly requested leave to amend. *See Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (noting that where the only request to amend appears in an opposition to a motion to dismiss, the issue is not properly raised) (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)); *see also Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). In addition, "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

Nevertheless, the Court is mindful of the standards applicable under Rule 15. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . .

allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, although Plaintiff is represented by counsel and has not properly requested leave to amend, the Court does not find that any of the circumstances justifying the denial of leave to amend is present. Moreover, the deadline set for amendment to the pleadings in the Court's Scheduling Order, ECF No. [30], has not yet passed. Thus, in the interest of efficiency, and to the extent that Plaintiff in good faith may address the pleading deficiencies addressed in this Order, Plaintiff will be afforded the opportunity to amend.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [25]**, is **GRANTED**. The Amended Complaint, **ECF No. [15]**, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a Second Amended Complaint, **on or before April 16, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 2, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record